UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
_____X

YASH RAJ FILMS (USA) INC.

                              Case No.: 07 CV 2840 (SDW) (MCA)

          Plaintiff,

          vs.

SUBZI BAZAAR INC. D/B/A SUBZI BAZAAR
AND D/B/A MOVIE CORNER,
HARMEET NAYYAR, RAJESH V. LULLA,
DESIRE MUSIC INC., AMIT JAITLY,
RURIPAM VIDEO & VARIETY INC.,
AAKSP AUDIO VIDEO LLC D/B/A
RURIPAM AUDIO VIDEO, ANIL PATEL,
MANJIT CHANDHOK, BOMBAY BAZAAR, INC.,
AMBRISH PARMAR, GOLDEN TEMPLE
FOODS INC. D/B/A SUBZI MANDI,
AMRIT NAYAR, RKNAM LLC D/B/A
SUBZI MANDI CASH AND CARRY,
MASKHOOR AHMAD, RAJEEV GHORPADE,
KISHORE GORE, AND JOHN DOES 1-20

          Defendants.
_____X

STIPULATION OF
SETTLEMENT BETWEEN
PLAINTIFF AND
DEFENDANTS
SUBZI BAZAAR, INC.,
HARMEET NAYYAR
AND RAJESH V. LULLA

      **WHEREAS,** this action was commenced on June 19, 2007, by the filing of a Summons and Complaint in the Clerk's Office of the United States District Court for the District of New Jersey and,

      **WHEREAS,** Plaintiff is the owner of the copyrights and/or exclusive rights under copyright to distribute the audio sound recordings and motion pictures listed in Exhibit "A" to Plaintiff's Second Amended Complaint and Exhibit "A" to the Order of Seizure and OTSC re: Preliminary Injunction defined hereinbelow (collectively, the "Plaintiff's Copyrighted Works") in the United States and Canada in various formats including, but not limited to, 35mm

(theatrical), music compact discs ("CDs") video and audio cassettes and digital versatile discs ("DVDs"); and,

**WHEREAS,** Plaintiff is the owner of the stylized "Y" Logo and trade name "Yash Raj" (collectively, "Plaintiff's Registered Marks") identified in Exhibit "B" to Plaintiff's Second Amended Complaint; and

**WHEREAS,** the Second Amended Complaint in this action alleges, among other things, the knowing and willful infringement of Plaintiff's copyrights in and to Plaintiff's Copyrighted Works and the willful infringement of Plaintiff's Registered Marks by defendants; and

**WHEREAS,** an Order of Seizure, Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction (the "Order of Seizure and OTSC") was signed in this Court by the Hon. Susan D. Wigenton, USDJ on June 19, 2007, based on an ex parte application by Plaintiff for an order pursuant to 17 U.S.C. 503 (a), Rule 65 of the Federal Rules of Civil Procedure and the Rules of Copyright Practice and Procedure promulgated by the Supreme Court of the United States; and,

**WHEREAS,** Plaintiff, with the assistance of the U.S. Marshals and Plaintiff's attorneys, on June 24, 2007, having seized (the "Seizure") 931 video cassettes, music compact discs ("CDs") and digital versatile discs ("DVDs") containing what has been identified by Plaintiff as unauthorized, counterfeit copies of Plaintiff's Copyrighted Works and unauthorized copies of Plaintiff's logo, tradename and artwork from the audio video business owned and operated by defendants Desire Music Inc. ("Desire Music") and Amit Jaitly ("Jaitly" and with Desire Music the "Jaitly Defendants") which business was located in the retail store known as Subzi Bazaar/Movie Corner at 194 Route 17 North, Rochelle Park, NJ which is owned and operated by Defendants Subzi Bazaar Inc., Harmeet Nayyar, and Rajesh V. Lulla (collectively, the "Subzi Bazaar Defendants");

**WHEREAS,** the Plaintiff and the Subzi Bazaar Defendants have agreed to a settlement of this action; and,

**NOW, THEREFORE,** in consideration of the foregoing, the Plaintiff and the Subzi Bazaar Defendants hereby:

**STIPULATE AND AGREE AS FOLLOWS:**

(1) The above recitals are true and correct and are hereby incorporated into and made part of this Stipulation of Settlement and Order; and

(2) This Court has personal jurisdiction over the Subzi Bazaar Defendants, their business and subject matter jurisdiction over all claims asserted in this action as between Plaintiff and the Subzi Bazaar Defendants and over the parties to this Agreement; and, it is further

**STIPULATED AND AGREED,** that a final judgment of permanent injunction be ordered by the Court and that the Subzi Bazaar Defendants, their agents, servants, employees or representatives, and all other persons, firms or corporations in active concert or participation (collectively hereinafter "Affiliates") with the Subzi Bazaar Defendants are permanently enjoined from:

(3) Infringing Plaintiff's copyrighted audio sound recordings and motion pictures including, but not limited to, Plaintiff's Copyrighted Works, by participating individually or through any affiliate or other third party in any way in the unauthorized copying, purchasing, importing, displaying, selling, reselling, possessing or otherwise distributing unauthorized copies of Plaintiff's copyrighted audio sound recordings and motion pictures including, but not limited to, Plaintiff's Copyrighted Works, in the United States and Canada; and,

(4) Offering to copy, purchase, import, display, sell, resell, possess or otherwise distribute any unauthorized copies of Plaintiff's copyrighted audio sound recordings and motion

pictures including, but not limited to, Plaintiff's Copyrighted Works, in the United States and Canada; and,

(5) Utilizing in any way Plaintiff's copyrighted audio sound recordings and motion pictures including, but not limited to, Plaintiff's Copyrighted Works without the authorization of Plaintiff; and, it is further,

(6) Using Plaintiff's the copyright notice, or artwork, film and audio album titles, trademarks, holograms, trade names or logos of Plaintiff including, but not limited to, Plaintiff's Registered Marks, in connection with unauthorized CD's, audio and video cassettes and DVD's of Plaintiff's Copyrighted Works or in any manner which is likely to cause confusion, mistake or deception in connection with the distribution, advertising, promotion disposition and sale of CDs, audio and video cassettes and DVDs of Plaintiff's Copyrighted Works created and/or distributed by Plaintiff and from attempting, causing or assisting any of the described actions to occur; and, it is further

**STIPULATED AND AGREED,** that the Subzi Bazaar Defendants pay to Plaintiff the sum of FOUR THOUSAND ($4,000.00) DOLLARS (the "Settlement Amount") by checks payable to "Poppe & Bhouraskar, LLP as attorneys" and delivered contemporaneously with the execution of this Stipulation of Settlement and Order but not later than ~~January 8, 2008~~ Feb. 1, 2008 as follows:

(7) FOUR THOUSAND and 00/100 ($4,000.00) Dollars shall be paid by check payable to "Poppe & Bhouraskar, LLP as attorneys" and dated and delivered contemporaneously with the execution of this Stipulation of Settlement and Order but not later than ~~January 18,~~ Feb. 1, 2008; and,

(9) In the event payment is timely made on the checks presented with and as provided in this Stipulation of Settlement and Order, no interest shall be charged to or due from the Subzi Bazaar Defendants on the Settlement Amount.

(10) All checks delivered in payment of the Settlement Amount must be drawn on an account maintained by one or more of the Subzi Bazaar Defendants in the United States.

(11) If any of the checks delivered by the Subzi Bazaar Defendants with this Stipulation of Settlement and Order are not paid on presentation to the Subzi Bazaar Defendants' bank or any costs or interest due pursuant to this Stipulation are not paid on demand, the Subzi Bazaar Defendants shall be in default of this Stipulation of Settlement and Order; provided, the Subzi Bazaar Defendants shall have five (5) days from Plaintiff's written notice to cure any such default; and, if the Subzi Bazaar Defendants fail to cure any such default, then:

    (i) the entire Settlement Amount then remaining unpaid shall become immediately due and payable in full; and,

    (ii) interest shall accrue on the unpaid balance of the Settlement Amount from the date said payment was due at the annual rate set by the JP Morgan Chase Bank as it's "prime rate" plus five (5%) percent per annum (the "Default Interest Rate") until same is paid in full; and,

    (iii) in addition to the payment of the interest provided above, the Subzi Bazaar shall be liable for all costs incurred by Plaintiff in the collection of the Settlement Amount or any portion thereof, or the enforcement or defense of this Stipulation of Settlement and Order and/or in any bankruptcy proceedings brought by and/or against any of the Subzi Bazaar Defendants, including reasonable attorney fees, and interest shall accrue

on the unpaid balance of said costs at the Default Interest Rate from the date said costs are incurred by Plaintiff; and,

(iv) any payment received by Plaintiff subsequent to said default shall be applied first to reimburse Plaintiff's costs; second, to the payment of any interest due; and, third, to the reduction of the Settlement Amount; and,

(v) each of the Subzi Bazaar Defendants stipulate, consent and agree that they shall be individually, jointly and severally liable to Plaintiff for payment of the Settlement Amount, and interest and costs due thereon, and any judgment entered on default in the payment of the Settlement Amount, and that Plaintiff may proceed against all or anyone of them as Plaintiff may, in Plaintiff's sole discretion, elect.

And, it further

(12) Plaintiff shall not enter into or execute this Stipulation of Settlement and Order unless and until the $4,000.00 check(s) delivered by the Subzi Bazaar Defendants with this Stipulation of Settlement and Order, signed by the Subzi Bazaar Defendants, has been paid, on presentation to the Subzi Bazaar Defendants' bank, into Plaintiff's attorneys' attorney trust account; and,

(13) In the event the check(s) delivered by the Subzi Bazaar Defendants is/are not paid on presentation to the Subzi Bazaar Defendants' bank, this action shall continue against the Subzi Bazaar Defendants.

And, it further

**STIPULATED AND AGREED,** all notices provided for in this Stipulation of Settlement and Order shall be given to the parties and their respective attorneys by regular mail or receipted telefacsimile as follows:

If to Plaintiffs, to:
    Vaibhav Rajput, General Manager for Administration
    Yash Raj Films (USA) Inc.
    30-00 47th Avenue
    4th Floor
    Long Island City, NY 11101

With a Copy to:
    William M. Poppe, Esq.
    Poppe & Bhouraskar, LLP
    2050 Center Avenue, Suite 300
    Fort Lee, NJ 07024
    Tel: (201) 585-0046
    Fax: (201) 346-0061

If to the Subzi Bazaar Defendants:

    Subzi Bazaar Inc.
    d/b/a Subzi Bazaar
    d/b/a Music Corner
    194 State Route 17 North
    Rochelle Park, NJ 07662

    Harmeet Nayyar
    28 Boulder Run Road
    Paterson, NJ 07501

    Rajesh V. Lulla
    87-01 164th Street, 3rd Floor
    Jamaica, NY 11432

With a copy to:

    Anil Arora, Esq.
    73 Mountain View Boul.
    P.O. Box 437
    Wayne, NJ 07474
    Tel: (973) 696-9600
    Fax: (973) 305-5800

    And, it is further

**STIPULATED AND AGREED,** that, subject to compliance with the terms of this Stipulation of Settlement and Order by the Subzi Bazaar Defendants, the proceedings against the Subzi Bazaar Defendants in this civil matter are concluded and final and Plaintiff and the Subzi

Bazaar Defendants waive any and all rights to appeal arising out of this litigation and release each other from all claims in this action except any claims arising out of the parties' respective obligations pursuant to this Stipulation of Settlement and Order, the Permanent Injunction and any court order based thereon; and, it is further,

**STIPULATED AND AGREED**, that the Subzi Bazaar Defendants represent and warrant to Plaintiff that the audio, video and related media business operated within the Subzi Bazar retail store:

(a) was not owned or operated by any one of the Subzi Bazaar Defendants; and

(b) was operated out of retail and storage space within the Subzi Bazaar retail store that was subleased by Jaitly from the Subzi Bazaar Defendants, and that the Subzi Bazaar Defendants have provided Plaintiff with a true and accurate copy of the sublease signed by Jaitly and the Subzi Bazaar Defendants; and

(c) The Subzi Bazaar Defendants further represent and warrant to Plaintiff that the Subzi Bazaar Defendants did not share in or have the right to share in the profits of the said audio, video and media related business operated by Jaitly; nor, did the Subzi Bazaar Defendants exercise supervision or control over said audio, video and media related business other than as the landlord of the space in which the business was located; and, it is further,

**STIPULATED AND AGREED**, that the Subzi Bazaar Defendants agree to indemnify and hold Plaintiff harmless against any and all claims, legal actions, costs, losses, fees, damages or other charges, including reasonable attorneys' fees and disbursements, incurred by Plaintiff as

a result of the breach of the representations and warranties given by the Subzi Bazaar Defendants to Plaintiff in this Stipulation of Settlement and Order.

**STIPULATED AND AGREED,** that the Subzi Bazaar Defendants will, within ten (10) business days of the date of this Stipulation of Settlement and Order, collect and return to Plaintiff's attorneys Poppe & Bhouraskar, LLP at 350 Fifth Avenue, Suite 7315, New York, New York 10118 or at such other address as Plaintiff may designate, all unauthorized copies of Plaintiff's logo, trade name, artwork and copyrighted audio albums and films in their possession and or control, if any, including, but not limited to, Plaintiff's Copyrighted Works in CD, DVD or any other format which have been produced or acquired by, or are in the custody or control of the Subzi Bazaar Defendants and/or are located on the Subzi Bazaar retail store premises, and any Affiliate and all other unauthorized materials, property or products relating to Plaintiff's Copyrighted Works (collectively, the "Infringing Materials"); and, it is further

**STIPULATED AND AGREED,** that upon approval and signature of this Stipulation of Settlement and Order by the Court it shall form a final order and Judgment of the Court enforceable by either party against the other in the event of a default in the terms hereof; and, it is further,

**STIPULATED AND AGREED,** that this Court shall retain jurisdiction of this action to construe, enforce or implement this Stipulation of Settlement and Order and the Permanent Injunction ordered herewith upon the application of any party to this Stipulation of Settlement and Order; and, it is further,

**STIPULATED AND AGREED,** that any order dismissing, settling or otherwise terminating the civil action out of which this Stipulation of Settlement and Order arises shall

incorporate this Order into the terms thereof and shall specifically state and set forth that this Court retains jurisdiction over this Stipulation of Settlement and Order to construe, enforce, or implement this Stipulation of Settlement and Order and the payments and remedies ordered herewith upon the application of any party to this Stipulation of Settlement and Order, and it is further,

**STIPULATED AND AGREED,** that:

(a)   Should any clause or provision of this Stipulation of Settlement and Order be construed to be against public policy or determined by a court of competent jurisdiction to be void, invalid or unenforceable such construction and decision shall affect only those paragraphs, clauses or provisions so construed or interpreted, and shall in no event affect the remaining paragraphs, clause or provisions of this Agreement which shall remain in force; and

(b)   This Stipulation of Settlement and Order constitutes the entire settlement agreement of the parties. No modifications or waiver of the parties' settlement agreement shall be valid unless in writing, signed by the parties. No party shall be bound by any representation, warranty, promise, statement or information unless it is specifically set forth herein; and

(c)   The settlement agreement contained in this Stipulation of Settlement and Order shall bind and inure to the benefit of each party's predecessors and successors in interest, subsidiaries, affiliates, heirs, executors, administrators, successors, assigns and past, present and future agents; and, it is further,

**STIPULATED AND AGREED,** that the Clerk of this Court shall, when requested by any other court in which enforcement of the Stipulation of Settlement and Order is sought, transmit promptly to the other court a certified copy of this Stipulation and Settlement and Order on file in the office of the Clerk.

Dated:  Fort Lee, New Jersey
        January 31, 2008

YASH RAJ FILMS (USA), INC.

BY: _____
    VAIBHAV RAJPUT
    General Manager of Administration
    30-00 47th Avenue
    4th Floor
    Long Island City, NY 11101

Subzi Bazaar, Inc.

BY: _____
    HARMEET NAYYAR

_____
RAJESH V. LULLA

_____
HARMEET NAYYAR

AGREED TO AND ACCEPTED

_____
WILLIAM M. POPPE (WP6961)
Poppe & Bhouraskar, LLP
Attorney for Plaintiff
2050 Center Street, Suite 300
Fort Lee, New Jersey 07024
Tel: (201) 585-0046
Fax: (201) 346-0061

_____
Anil Arora, Esq.
73 Mountain View Boul.
P.O. Box 437
Wayne, NJ 07474
Tel: (973) 696-9600
Fax: (973) 305-5800

So Ordered:

_____
HON. SUSAN D. WIGENTON, U.S.D.J.
February 14, 2008

Standard

11